**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3729-23

SUSAN J. CARNEY,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and BTL INDUSTRIES INC.,

      Respondents.

_____

Submitted November 5, 2025 – Decided January 2, 2026

Before Judges Susswein and Chase.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 00302465.

Susan J. Carney, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Susan J. Carney appeals the May 22, 2024 final decision by the Department of Labor and Workforce Development Board of Review (Board), vacating her administrative appeal regarding unemployment benefits. Petitioner's challenge focused on unpaid federal funds. After reviewing the record in light of the governing legal principles, we affirm. We note that while her administrative appeal was properly dismissed, she remains free to seek redress for the unpaid federal funds in the appropriate forum.

I.

We discern the following procedural history and pertinent facts from the record. Petitioner worked as a marketing account consultant for BTL Industries, Inc.[1] from January 2019 to February 28, 2020. Previously, she worked for another employer, Cynosure Laser, Inc., from September 8, 2015 to October 1, 2018. Petitioner filed a claim for unemployment benefits in February 2020. Petitioner asserts she was receiving federal unemployment benefits in addition to her state unemployment benefits until September 2021, at which point she stopped receiving benefits entirely. According to petitioner, she spoke to a

---

[1] We note that while BTL is a party to this appeal, it did not file a responding brief.

2

Department of Labor representative who told her that this lapse was due to an error, and that she was in fact entitled to an additional three months of benefits. The representative instructed petitioner to file a new claim, which she did on September 12, 2021.

On September 23, 2021, the Deputy of the Division of Unemployment Insurance (Deputy) denied petitioner's claim because she lacked sufficient base weeks or base year wages to establish a claim. It is undisputed that petitioner was not employed from April 1, 2020 to September 12, 2021, the timeframe within which she needed to establish base earnings in order to qualify for benefits under the Unemployment Compensation Law. See N.J.S.A. 43:21-4; N.J.S.A. 43:21-19; N.J.A.C. 12:17-5.1 to 2.

On July 29, 2022, petitioner appealed the Deputy's determination to the Appeal Tribunal (Tribunal). According to petitioner, she filed this appeal after speaking to a staff member who told her she was owed approximately $11,000 in federal funds, and that she should file an appeal to collect them.

A hearing before the Tribunal took place on March 7, 2023, during which petitioner and both of her previous employers testified. At the hearing, petitioner reiterated her claim that she was owed federal funds. However, because only the Deputy's denial of petitioner's September 2021 claim was

before the Tribunal, the Appeals Examiner informed petitioner that the Tribunal could not consider her claim regarding the federal funds. In a decision mailed the same day, the Tribunal affirmed the Deputy's determination that petitioner's claim for benefits was invalid because she had insufficient base year weeks or wages, in accordance with N.J.S.A. 43:21-4(e)(4).

On March 14, 2023, petitioner sent an appeal letter to the Board, inquiring again as to why federal funds she was allegedly entitled to were not exhausted. In a decision mailed on May 22, 2024, the Board vacated the matter that was "docketed as an 'appeal.'" The Board indicated there was "no cause for further action" because petitioner "was not appealing the outcome of the Appeal Tribunal's decision mailed on March 7, 2023 under this docket."

This appeal followed. Petitioner raises the following contentions for our consideration:

> POINT I
>
> WHY WERE THE FEDERAL FUNDS NOT EXHAUSTED BEFORE SWTICHING TO STATE FUNDS?
>
> POINT II
>
> ADDITIONAL UNEMPLOYMENT FUNDS PROMISED WERE NOT PAID FROM SEPTEMBER 7, 2021 TO DECEMBER 31, 2021.

4

II.

We begin our analysis by acknowledging the governing legal principles. "As a general matter, [an appellate court] will disturb an agency's adjudicatory decision only if [it] determines that the decision is 'arbitrary, capricious or unreasonable' or is unsupported 'by substantial credible evidence in the record as a whole.'" Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In making that determination, the court will examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 302-03 (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007).

We stress, however, that "[the appellate court's] review is not 'perfunctory,' nor is [the court's] 'function . . . merely [to] rubberstamp an agency's decision[.]'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 239

5

(App. Div. 2019) (omission in original) (second and third alteration in original) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)).  Rather, we are "constrained to engage in a 'careful and principled consideration of the agency record and findings.'"  Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).

III.

Applying the forgoing principles, we conclude the Board properly vacated petitioner's March 14, 2023 appeal because her filing did not challenge the Tribunal's decision that her claim for benefits was invalid.  Rather, she reiterated her claim that she was entitled to certain federal funds that were not paid out to her.  However, as was explained to petitioner during the Tribunal hearing, the issue of whether she was entitled to federal funds was not before the Tribunal.  We note that, because neither the Tribunal nor the Board addressed petitioner's claim that she is entitled to additional federal funds, petitioner is free to pursue that claim with the appropriate agency.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3729-23